UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HSI-YUAN SHAWN CHEN,

    Plaintiff,

    v.

UNISEN, INC. d/b/a STAR TRAC,

    Defendant.

Case No. C09-0128RSL

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO STAY

This matter comes before the Court on a motion filed by defendant Unisen, Inc. d/b/a Star Trac ("Unisen") to stay this litigation pending reexamination of the patent in suit. Defendant has requested that the United States Patent and Trademark Office ("PTO") reexamine U.S. Patent No. 6,745,873 ("the '873 patent"), which is the subject of this action, and the PTO has granted the request. The '873 patent teaches and claims various aspects of a braking device for an exercising cycle. Plaintiff contends that defendant has infringed the patent; defendant counters that the patent is invalid. For the reasons set forth below, the Court grants the stay but denies the additional relief defendant requested.[1]

Plaintiff does not object to a stay, and the Court finds that one is appropriate. In the

---

[1] Because the matter can be decided on the parties' memoranda and supporting documents, the parties' request for oral argument is denied.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STAY - 1

reexamination, the PTO will exercise its expertise in evaluating the claims and prior art. A stay will preserve the Court's and the parties' resources and give the Court the benefit of a more complete record from the reexamination. The stay will also avoid the potential needless expenditure of resources on claims that could be drastically changed, or even eliminated, during reexamination. Furthermore, a stay will avoid the risk of inconsistent results from parallel proceedings. This litigation is in its early stages, and plaintiff has not shown or argued that a stay would prejudice his rights. For these reasons, the Court will stay the case pending reexamination of the '873 patent.

Although plaintiff does not object to the entry of a stay, he does object to one of defendant's proposed terms of the stay: defendant requests that the Court order plaintiff (1) to provide defendant with copies of all documents and correspondence to and from the PTO regarding the reexamination, and (2) to provide to defendant transcripts that record verbatim the content of any personal or telephone interviews with the PTO, or any other conversations between the PTO and plaintiff or his attorneys, absent any objection by the PTO. Pursuant to PTO rules, plaintiff is already required to provide defendant with copies of any documents he files with the PTO and any PTO office actions issued during the reexamination. Defendant can obtain other documents during discovery. Therefore, the Court must determine whether the Court should require plaintiff to obtain and provide transcripts of his interviews and other conversations with the PTO, and whether the defendant improperly requested *ex parte* proceedings when it should have requested *inter partes* proceedings as plaintiff contends.

Plaintiff contends that in seeking the documents, defendant is improperly trying to obtain the benefits of *inter partes* reexamination despite seeking, and paying for, only *ex parte* reexamination. The issue of what type of proceedings is sought is important because a party seeking *inter partes* reexamination can be bound by the results of those proceedings. 35 U.S.C. § 315(c) (explaining that "a third-party requester whose request for an *inter partes* reexamination results in an order under Section 313 is estopped from asserting at a later time . . .

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STAY - 2

the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the *inter partes* reexamination proceedings."). An *inter partes* reexamination proceeding grants the third-party requester certain rights that are not available to *ex parte* requesters: "Unlike an *ex parte* reexamination proceeding, an *inter partes* reexamination proceeding allows the third-party requester to participate in the reexamination by submitting written comments addressing issues raised in the patent owner's response to an office action, appealing a decision in favor of patentability, and participating as a party to an appeal taken by the patent owner." Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1332 (Fed. Cir. 2008). In this case, defendant is not requesting, and there is no indication that it will receive, any of the benefits of *inter partes* reexamination. Although defendant seeks the unusual benefit of transcripts, it seeks to passively receive them, rather than to participate in and influence the outcome of the proceedings. Plaintiff has not cited any authority that supports his position that the request for transcripts, without any of the other benefits, transforms the request into one for *inter partes* reexamination.[2] Accordingly, at this point in the proceedings, it appears that an *ex parte* reexamination will be conducted. Estoppel is not warranted after an *ex parte* reexamination. See, e.g., Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office, 882 F.2d 1570, 1576 (Fed. Cir. 1989). Plaintiff's request that the Court find that defendant will be bound by the results of the reexamination is denied at this time.

The Court also considers whether defendant is entitled to the transcripts requested. Defendant contends that the transcripts would reflect the prosecution history. Defendant has not

---

[2] Instead, the two cases plaintiff has cited do not support his contention that similarly-situated defendants must state whether they agree to be bound by the results of reexamination. Rather, in *Affinity Labs of Texas, LLC v. Dice Elecs., LLC,* the court denied the motion for a stay because only one of twenty-four defendants sought the reexamination, and substantial discovery had already occurred. C9:08-CV-163 (E.D. Tex., February 20, 2009). In *Riparius Ventures, LLC v. Skype Technologies S.A.*, defendant sought an *inter partes* reexamination. C07-cv-00812 (N.D. Ill., June 9, 2009).

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STAY - 3

cited any cases in which such relief was ordered.[3] Nor is it consistent with the PTO rules, which are specific about what records will be generated. Although defendant contends that the transcripts will create a "full record" regarding what occurred during reexamination, the PTO's rules contemplate the creation of a sufficient record without transcripts. Defendant's Reply at p. 1. Requiring plaintiff to obtain the transcripts could be costly and disruptive to the PTO. While the Court is loathe to intrude on the PTO's province, nothing in this order precludes the PTO from requiring that transcripts be obtained and provided to defendant. For those reasons, the Court will not order plaintiff to obtain and provide transcripts to defendant.

Accordingly, the motion to stay (Dkt. #15) is hereby GRANTED IN PART AND DENIED IN PART. The Court hereby stays the case pending reexamination of the '873 patent, including the exhaustion of any appeals. The Clerk of the Court is directed to remove this case from the Court's active caseload. Within twenty days after the conclusion of the reexamination and any appeals, the parties shall file a joint status report describing the status of the case, and if warranted, requesting that the Court lift the stay.

DATED this 4th day of September, 2009.

_____
Robert S. Lasnik
United States District Judge

---

[3] Defendant cites *PureChoice, Inc. v. Honeywell Int'l, Inc.*, 2008 WL 190317 at *7 (E.D. Tex. 2008) for the proposition that "[a] record of the substance of interviews is necessary for the court to determine the scope of claim terms." Defendant's Reply at p. 6. That case, however, actually undermines defendant's position because it highlights that the patent owner has a responsibility to file written statements regarding interviews with examiners. Although defendant would apparently like more information, it has not shown that the written statements are insufficient.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STAY - 4